**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00716-HEA |
| | ) | |
| KIMBERLY HOSKIN, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Defendant Kimberly Hoskin filed a pro se removal in this Court of a criminal action from the St. Louis County Circuit Court. On review of the notice of removal and the exhibits attached thereto, the Court has determined that this action should be summarily remanded.

Title 28 U.S.C. § 1455 governs the removal of state criminal actions to the federal district courts:

> (a) Notice of removal.--A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements.--(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
>
> . . .
>
> (4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

Defendant has not met the requirements of subsections (a) or (b). She has not submitted a copy of the state court file. Moreover, the notice of removal was not filed in a timely fashion, because the criminal action was filed in 2024.

Additionally, Title 28 U.S.C. § 1443 states, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof ;
>
> . . .

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). "[R]emoval is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial. Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." *State of Ga. v. Rachel*, 384 U.S. 780, 800 (1966)).

There is no indication in the notice of removal or the exhibits that Defendant is relying on a law of general application that is stated in terms of racial equality. Defendant merely argues that she is being denied general constitutional rights by the trial court. These alleged violations can be addressed on appeal or in habeas corpus proceedings. As a result, removal under 28 U.S.C. § 1443(1) is not available to Defendant.

For these reasons, the Court will summarily remand this action under 28 U.S.C. § 1455(b)(4).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the St. Louis County Circuit Court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Order to the clerk of the state court, with citation to *State v. Hoskin*, Case No. 24SL-CR03143-01.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED** as moot. (ECF No. 2)

**IT IS HEREBY CERTIFIED** that an appeal from this Order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated this 17th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE